UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| ANGELA FISCHER, | ) Civil No. 3:19-cv-00711 |
| Plaintiff, | ) |
| v. | ) |
| | ) COMPLAINT AND |
| CHARLOTTE-MECKLENBURG | ) DEMAND FOR JURY TRIAL |
| SCHOOLS BOARD OF EDUCATION, | ) |
| Defendant. | ) |

Plaintiff, Angela Fischer ("Fischer" or "Plaintiff"), by and through counsel, brings this action for violations of (1) Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; and (2) Title V of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12203(a), against Charlotte-Mecklenburg Schools Board of Education ("CMS" or "Defendant").

## THE PARTIES

1. Plaintiff is an adult individual who is a resident of Charlotte, North Carolina.

2. Plaintiff is employed by Nurses and More, Inc. ("NM"), which is the approved vendor to provide nursing services for CMS.

3. Defendant is a government entity authorized under the laws of North Carolina and a recipient of federal funds subject to Section 504 of the Rehabilitation Act.

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claim brought under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and Title V of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12203(a).

5. This Court has personal jurisdiction because Defendant is government education agency headquartered in Charlotte, North Carolina, which is located within this district.

6. Venue is proper in this judicial district because Defendant has substantial contacts in this district and because the unlawful acts alleged herein occurred in Huntersville, North Carolina.

## PLAINTIFF'S FACTUAL ALLEGATIONS

7. Plaintiff is a Registered Nurse who specializes in the care of special needs children (i.e., students with disabilities).

8. CMS contracted with NM to provide nursing services for its entire public school system, including Huntersville Elementary School.

9. On or about September 10, 2019, NM assigned Plaintiff to provide nursing services for a special needs student at Huntersville Elementary School for a two-week period.

10. The special needs student to whom Plaintiff was assigned to care for was a beneficiary of federal funding subject to Section 504 of the Rehabilitation Act, and Plaintiff was within the zone of interest of the Act's requirements for the benefit of her special needs student.

11. During Plaintiff's second workweek at Huntersville Elementary School, she observed abusive behavior by one of Defendant's teachers towards special needs students. Specifically, the teacher violently pushed a table into one of the students, hurting the student's stomach, because the student was not listening to her directions. Additionally, on multiple occasions, the teacher dragged another student (who frequently required the use of a wheelchair due to his disability) by the collar or arm because he would not attempt to walk to the classroom sink or different areas of the school for certain school-related activities. This violent behavior caused the student to frequently stumble, and during one occurrence, fell to the floor. The

teacher would also generally speak to her special needs children in a belittling and demeaning manner and tone.

12. This abusive treatment by the Huntersville Elementary School teacher limited qualified handicapped (i.e., special needs) students in the enjoyment of the right, privilege, and opportunity to learn and become educated similarly to other non-handicapped students who attend the school.

13. Concerned for these special needs children, on or about September 29, 2019, Plaintiff contacted the Parent Advisor Chair for CMS's Exceptional Children Services Division, Abbey Childers, to seek advice on reporting these incidents. Plaintiff asked Childers who she should report this abusive behavior to. Childers asked Plaintiff to provide her with the school and classroom in which this abusive behavior occurred. Plaintiff complied with Childers' request, but did not provide the name of the abusive teacher nor the students who were being abused for confidentiality purposes as required by her employment contract.

14. Childers informed CMS' Exceptional Children Director, Dr. Ann White, of the incidents of abusive behavior at Huntersville Elementary School.

15. In response to Plaintiff's and Childers' reports, Defendant removed the abusive teacher from Huntersville Elementary School.

16. Three days following Plaintiff's report of the abuse, on or about October 2, 2019, Defendant intentionally retaliated against Plaintiff by banning her from working at any Charlotte-Mecklenburg Schools. Defendant stated that its reason for termination was because she improperly reported the abuse to CMS' Exceptional Children Service Division instead of the Principal of Huntersville Elementary School or the police.

17. Because almost all of NM's business is derived from its contracts with Defendant, NM was and still is unable to offer Plaintiff any equivalent job in both pay and duties.

## Count I

### (Violation of Section 504 of the Rehabilitation Act)

18. Plaintiff incorporates the allegations in Paragraphs 1 through 17 of her Complaint.

19. CMS, which is a recipient of federal financial assistance, discriminates against "qualified individual[s] with a disability" within the meaning of the Rehabilitation Act by retaliating against individuals who report incidents of physical and verbal abuse in order to protect the well-being of special needs children. 29 U.S.C. § 794; 45 C.F.R. § 84.4.

20. Plaintiff engaged in a protected activity by reporting the Huntersville Elementary School teacher's abusive behavior to CMS' Exceptional Children Services Division in order to protect the well-being of the school's special needs students.

21. Plaintiff suffered an adverse action for reporting the abuse by the Huntersville Elementary School teacher when Defendant prohibited her from ever providing nursing services at CMS.

22. Defendant's retaliatory action directly and proximately caused and continues to cause damages to Plaintiff.

## Count II

### (Violation of Title V of the ADA)

23. Plaintiff incorporates by reference Paragraphs 1 through 22 of her Complaint.

24. Plaintiff engaged in a protected activity by reporting the Huntersville Elementary School teacher's abusive behavior to CMS' Exceptional Children Services Division in order to protect the well-being of the school's special needs students.

25. Plaintiff suffered an adverse action for reporting the abuse by the Huntersville Elementary School teacher when Defendant prohibited her from ever providing nursing services at CMS.

26. Defendant's retaliatory action directly and proximately caused and continues to cause damages to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

a) An Order pursuant to 29 U.S.C. § 794 and 42 U.S.C. § 12203(a) finding Defendant liable for intentionally violating Section 504 of the Rehabilitation Act by prohibiting Plaintiff from working in CMS after engaging in a protected activity for the benefit of students with disabilities.

b) An Order awarding compensatory damages.

c) An Order awarding the costs of this action;

d) An Order awarding reasonable attorneys' fees;

e) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

f) An Order granting such other and further relief as may be necessary and appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Respectfully submitted this 27th day of December, 2019.

/s/ Geoffrey A. Marcus
Geoffrey A. Marcus #54907
Philip J. Gibbons, Jr., NCSB #50276
Craig L. Leis NCSB #48582
**GIBBONS LEIS, PLLC**
14045 Ballantyne Corporate Place, Ste. 325
Charlotte, NC 28277
Telephone: 704-612-0038
Email: geoffrey@gibbonsleis.com
phil@gibbonsleis.com
craig@gibbonsleis.com

*Attorneys for Plaintiff*